DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
RAGHAV R. KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300

DURIE TANGRI LLP
KIRA A. DAVIS (SBN 332874)
kdavis@durietangri.com
W. HENRY HUTTINGER (SBN 312843)
hhuttinger@durietangri.com
953 East 3rd Street
Los Angeles, CA  90013
Telephone:    213-992-4499
Facsimile:     415-236-6300

Attorneys for Defendant
RESEARCHHUB TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUSEBELT LABS PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ARMSTRONG, RESEARCHHUB TECHNOLOGIES, INC., COINBASE, INC., COINBASE ASSET MANAGEMENT, INC., d/b/a COINBASE VENTURES, and DOES 1-25, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 9 U.S.C. § 201 ET SEQ.** |

TO THE COURT AND ALL PARTIES:

**PLEASE TAKE NOTICE** that Defendants Brian Armstrong, ResearchHub Technologies, Inc., Coinbase, Inc., and Coinbase Asset Management, Inc. d/b/a Coinbase Ventures[1] (collectively, "Defendants") hereby remove to the United States District Court for the Northern District of California the action that Plaintiff MouseBelt Labs Pte. Ltd. ("Plaintiff" or "MouseBelt") filed in the Superior Court for the State of California, County of San Francisco, Case No. CGC-21-597202. In support of their Notice of Removal, Defendants state as follows:

I.  **THE REMOVED CASE**

1. On December 17, 2021, Plaintiff filed a complaint ("Complaint") in the Superior Court of the State of California for the County of San Francisco against Defendants. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. On May 31, 2022, Plaintiff filed an amended complaint ("Amended Complaint"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit 39.

3. Plaintiff's Amended Complaint alleges: (1) fraud; (2) intentional interference with contractual relations; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) unjust enrichment; and (6) quantum meruit.

4. The Amended Complaint alleges that "MouseBelt . . . invested money and work into" a company called Knowledgr "pursuant to two Accelerator Agreements and accompanying Simple Agreements for Future Equity ('SAFEs') executed in January and May of 2019." Amended Complaint ¶ 2. The basis for Plaintiff's lawsuit is that "MouseBelt performed pursuant to the agreements. Because of Armstrong and the other Defendants, Knowledgr did not." Amended Complaint ¶ 36; *see also id.* ¶¶ 15, 33, 34, 35, 55, 72, 81, 91, 121-23, 127-31, 137-39.

5. Plaintiff produced the two Accelerator Agreements and accompanying SAFEs (collectively, the "Agreements") to Defendants on August 10, 2022.

---

[1] Contrary to Plaintiff's naming of Coinbase Asset Management, Inc. as a defendant, that entity is ***not*** doing business as Coinbase Ventures. Public corporate records confirm this. *See* Ex. 13 (Mar. 22, 2022 Coinbase's Request for Judicial Notice, Exs. A-C).

## II. BASIS FOR REMOVAL: FEDERAL QUESTION

6. This Court has original jurisdiction over the claims against Defendant because those claims are subject to a written international arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and, as such, are deemed to arise under the laws and treaties of the United States. 9 U.S.C. § 203; 28 U.S.C. §1331.

7. The Convention is a multilateral treaty adopted at the United Nations Conference on International Commercial Arbitration on June 10, 1958. 21 U.S.T. 2517. The Convention is enforced in United States courts under Chapter 2 of the Federal Arbitration Act (the "FAA"), which incorporates the provisions of the Convention. 9 U.S.C. § 201, *et seq.* Chapter 2 of the FAA allows for removal "of an action or proceeding pending in a State court" where "the subject matter . . . relates to an arbitration agreement or award falling under the Convention . . . ." 9 U.S.C. § 205. In Chapter 2, Congress enacted a "sweeping" removal provision that "provides federal courts with remarkably broad removal authority." *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 & n.5 (9th Cir. 2011).

8. An arbitration agreement falls under the Convention if: (1) there is an agreement to arbitrate in writing; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the legal relationship between the parties is commercial in nature; and (4) any party to the arbitration is not an American citizen (or, if all parties are American, if the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states). *See Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009); 9 U.S.C. § 202 (defining agreements falling under the Convention). Each of these requirements is met here.

9. First, the arbitration provisions contained in the Agreements are in writing and provide that in the event that a dispute should arise out of or in connection with the Accelerator Agreements, including any question as to their existence, validity, or termination, then the dispute shall be submitted to and determined by arbitration.

10. Second, the arbitration provision in the Agreements requires that arbitration be held in Singapore. Singapore is a signatory to the Convention.

11. Third, the relationship between the parties is commercial because, as alleged in the

1    Amended Complaint, "MouseBelt . . . invested money and work into Knowledgr pursuant to" the
2    Agreements, Amended Complaint ¶ 2, "ResearchHub is/was/would have been a direct competitor of
3    Knowledgr," *id.* ¶ 18, and "each of defendants acted in concert with or on behalf of one or more of the
4    other defendants," *id.* ¶ 22.
5         12.    Fourth, Plaintiff MouseBelt is a foreign private limited company organized under the laws
6    of Singapore. *Id.* ¶ 16.
7         13.    Defendant Brian Armstrong is a United States citizen.
8         14.    Defendants ResearchHub Technologies, Inc., Coinbase, Inc., and Coinbase Asset
9    Management, Inc., are Delaware corporations and are thus United States entities.[2]
10        15.    An arbitration agreement relates to an action "whenever an arbitration agreement . . .
11   could *conceivably* affect the outcome of the plaintiff's case." *Infuturia*, 631 F.3d at 1138 (emphasis in
12   original) (agreeing with and quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[Federal
13   courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an
14   arbitration clause falling under the Convention provides a defense.  As long as the defendant's assertion
15   is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the
16   disposition of the case.  That is all that is required to meet the low bar of 'relates to'.")).
17        16.    Although Defendants are not signatories to the Agreements, Plaintiff's claims are
18   arbitrable under the doctrine of equitable estoppel and the arbitration agreements here easily meet the low
19   bar of "conceivably affect[ing]" the outcome of Plaintiff's case.  "By relying on contract terms in a claim
20   against a nonsignatory defendant, even if not exclusively, a plaintiff may be equitably estopped from
21   repudiating the arbitration clause contained in that agreement" because "a party is 'not entitled to make
22   use of [a contract containing an arbitration clause] as long as it worked to [his or] her advantage, then
23   attempt to avoid its application in defining the forum in which [his or] her dispute . . . should be
24   resolved.'" *Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486, 496 (2020) (quoting *Boucher v. All. Title*
25   *Co.*, 127 Cal. App. 4th 262, 272 (2005); *Jensen v. U-Haul Co. of Cal.*, 18 Cal. App. 5th 295, 306 (2017)).
26   The subject matter of each of Plaintiff's alleged causes of action, as well as its apparent theory of

---

[2] Coinbase Global, Inc., of which Coinbase Ventures is the venture capital arm, is also a Delaware corporation.

damages, relates to the Agreements and Plaintiff's alleged rights thereunder, and Plaintiff relies on those contractual terms in its claims against Defendants. *See, e.g.*, Amended Complaint ¶¶ 15, 33, 34, 35, 36 55, 72, 81, 91, 121-23, 127-31, 137-39.

17. The Agreements contain arbitration provisions requiring Plaintiff to submit to arbitration all disputes that arise out of or are in connection with the Agreements, including any question as to their existence, validity, or termination. Although the Amended Complaint does not mention the arbitration provisions, the arbitration provisions in the Agreements are the contractually agreed-upon dispute resolution mechanism for resolving this dispute. Accordingly, the arbitration provisions in the Agreements relate to Plaintiff's action. *See Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*, No. SACV-12-01379-CJC (ANx), 2012 WL 12878644, at *6 (C.D. Cal. Nov. 2, 2012) (finding an arbitration agreement related to an action where the complaint freely referenced an agreement that contained an arbitration clause); 9 U.S.C. § 205 ("[T]he ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.").

18. Removal to this Court is proper under 9 U.S.C. § 205 because the state court in which the Complaint was filed is located within the Northern District of California.

19. The Court also has subject matter jurisdiction over all claims asserted in this case given the parties' diversity of citizenship, with the sole Plaintiff being a citizen of a foreign state (Singapore) and all defendants being citizens of a State (California and/or Delaware), and the amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

**III.   NON-WAIVER OF DEFENSES**

20. By this Notice of Removal, Defendants do not intend any admission of fact, law, or liability, and reserve all defenses, motions, and pleas, including but not limited to the right to seek enforcement of the dispute resolution clauses in the Agreements.

**IV.   REMOVAL IS TIMELY**

21. Removal to this Court is timely pursuant to 9 U.S.C. § 205, which provides that "defendants may, at any time before the trial thereof remove [an action falling under the Convention] to [federal] district court." *See also Infuturia Global Ltd.*, 631 F.3d at 1139 ("The meaning of this section is clear: a defendant may remove a qualifying state court action to federal court at any time before the

claims raised in the state court action have been adjudicated."). Plaintiff filed its Complaint on December 17, 2021, and produced the Agreements to Defendants on August 10, 2022. This notice of removal is submitted before trial.

## V. REMOVAL PROCEDURE

22. Pursuant to 28 U.S.C. § 1446(a), Defendants are filing with this Notice of Removal a copy of the process, pleadings, and orders served or attempted to be served upon them in the state court action. A true and correct copy of all process, pleadings, and orders served on Defendants in state court are attached as Exhibits 1 through 53 as follows:

- *Exhibit 1* – Complaint filed December 17, 2021
- *Exhibit 2* – Notice to Plaintiff Regarding Case Management Conference Set for May 18, 2022 filed December 17, 2021
- *Exhibit 3* – Summons issued December 20, 2021
- *Exhibit 4* – Civil Case Cover Sheet filed December 21, 2021
- *Exhibit 5* – Proof of Service of Summons filed January 18, 2022
- *Exhibit 6* – ADR Packet
- *Exhibit 7* – Notice and Acknowledgment filed February 4, 2022
- *Exhibit 8* – Notice and Acknowledgment and Complaint filed February 7, 2022
- *Exhibit 9* – Stipulation and Order to Extend Time for Defendants Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures to Respond to Plaintiff's Complaint filed on February 8, 2022
- *Exhibit 10* – Executed Notice and Acknowledgment filed February 25, 2022
- *Exhibit 11* – Notice of Hearing on Verified Application for *Pro Hac Vice* Admission of Allison R. Eisenson for Defendants Coinbase, Inc., Coinbase Asset Management, Inc., D/B/A Coinbase Ventures; Unopposed Application for *Pro Hac Vice* Admission of Allison R. Eisenson for Defendants Coinbase, Inc., Coinbase Asset Management, Inc., D/B/A Coinbase Ventures; and [Proposed] Order filed March 13, 2022
- *Exhibit 12* – Defendant Coinbase, Inc., Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' *Ex Parte* Application to File a Longer Memorandum of Points and

Authorities in Support Thereof; Declaration of Neel Chatterjee in Support thereof; and [Proposed] Order filed March 17, 2022

- *Exhibit 13* – Defendant Coinbase, Inc., Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' Notice of Demurrer and Demurrer to Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; Declaration of Neel Chatterjee in Support thereof; Request for Judicial Notice; and [Proposed] Order filed March 22, 2022

- *Exhibit 14* – Stipulation and Order to Extend Time for Defendants ResearchHub Technologies, Inc., Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures to Respond to Plaintiff's Complaint filed March 23, 2022

- *Exhibit 15* – Defendant Brian Armstrong's Notice of Demurrer and Demurrer to Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; and Declaration of Jordan D. Segall in Support thereof filed April 4, 2022

- *Exhibit 16* – Defendant ResearchHub Technologies, Inc.'s Notice of Demurrer and Demurrer to Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; Declaration of Eugene Novikov in Support thereof; Request for Judicial Notice; and [Proposed] Order filed April 4, 2022

- *Exhibit 17* – Notice of Appearance of Counsel on Behalf of Defendants Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures filed April 5, 2022

- *Exhibit 18* – Joint Stipulation to Continue the May 18, 2022 Case Management Conference filed April 25, 2022

- *Exhibit 19* – Notice of Withdrawal of *Pro Hac Vice* Application of Allison R. Eisenson filed April 5, 2022

- *Exhibit 20* – Amended Notice of Hearing re the Coinbase Defendant's Demurrer filed April 12, 2022

- *Exhibit 21* – Notice of Rescheduling Hearing filed by ResearchHub on April 12, 2022

- *Exhibit 22* – Joint Stipulation and [Proposed] Order to Continue the May 18, 2022 Case Management Conference filed on April 21, 2022

...

- *Exhibit 23* – Order Continuing Case Management Conference filed on April 28, 2022
- *Exhibit 24* – Defendant Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' Application for Complex Designation and Single Assignment; and Declaration of Theresa A. Sutton in Support thereof filed April 29, 2022
- *Exhibit 25* – Plaintiff MouseBelt Labs Pte. Ltd.'s Opposition to Defendant Brian Armstrong's Demurrer to Plaintiff's Complaint filed May 3, 2022
- *Exhibit 26* – Plaintiff MouseBelt Labs Pte. Ltd.'s Opposition to Defendant Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' Demurrer to Plaintiff's Complaint filed May 3, 2022
- *Exhibit 27* – Plaintiff MouseBelt Labs Pte. Ltd.'s Opposition to Defendant ResearchHub Technologies, Inc.'s Demurrer to Plaintiff's Complaint filed May 3, 2022
- *Exhibit 28* – Notice of Joinder Defendants Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' Application for Complex Designation and Single Assignment filed by Brian Armstrong on May 6, 2022
- *Exhibit 29* – Notice of Joinder by Defendants Coinbase, Inc. and Coinbase Asset Management, Inc. D/B/A Coinbase Ventures' Application for Complex Designation and Single Assignment filed by ResearchHub on May 6, 2022
- *Exhibit 30* – Reply in Support of Defendant Brian Armstrong's Demurrer to Plaintiff's Complaint filed on May 11, 2022
- *Exhibit 31* – Reply in Plaintiff's Opposition to the Coinbase Defendants' Demurrer filed on May 11, 2022
- *Exhibit 32* – Order on Demurrer of Defendant Brian Armstrong filed on May 19, 2022
- *Exhibit 33* – Order on Demurrer of Defendants Coinbase, Inc. and Coinbase Asset Management, Inc., D/B/A Coinbase Ventures filed May 19, 2022
- *Exhibit 34* – Order on Demurrer of Defendant ResearchHub Technologies, Inc. filed on May 19, 2022
- *Exhibit 35* – Notice of Entry of Judgment or Order dated May 27, 2022 (attaching May 19, 2022 Order on Demurrer of Defendant Brian Armstrong).

- *Exhibit 36* – Notice of Entry of Judgment or Order dated May 27, 2022 (attaching May 19, 2022 Order on Demurrer of Defendants Coinbase, Inc. and Coinbase Asset Management, Inc., D/B/A Coinbase Ventures).
- *Exhibit 37* – Notice of Entry of Judgment or Order dated May 27, 2022 (attaching May 19, 2022 Order on Demurrer of Defendant ResearchHub Technologies, Inc).
- *Exhibit 38* – MouseBelt Labs Pte. Ltd.'s Request for Dismissal of ResearchHub, LLC dated May 27, 2022
- *Exhibit 39* – MouseBelt Labs Pte. Ltd.'s First Amended Complaint dated May 31, 2022
- *Exhibit 40* – Coinbase Asset Management, Inc.'s Substitution of Attorney filed by Mousebelt on June 8, 2022
- *Exhibit 41* – Order Granting Complex Designation and For Single Assignment filed on June 16, 2022
- *Exhibit 42* – Defendants' Notice of Demurrer and Demurrer to Plaintiff's First Amended Complaint; Memorandum of Points and Authorities in Support Thereof; Declaration of Mark R. Conrad in Support; and [Proposed] Order filed on July 5, 2022
- *Exhibit 43* – Plaintiff MouseBelt Labs Pte. Ltd.'s Opposition to Defendants' Demurrer to First Amended Complaint filed on August 1, 2022
- *Exhibit 44* – Defendants' Reply in Support of Their Demurrer to Plaintiff's First Amended Complaint filed on August 4, 2022
- *Exhibit 45* – CourtCall Appearance – Service Copy for Felipe Corredor for August 11, 2022 Demurrer Hearing
- *Exhibit 46* – CourtCall Appearance – Service Copy for Mark R. Conrad for August 11, 2022 Demurrer Hearing
- *Exhibit 47* – CourtCall Appearance - Service Copy for George E. Chikovani for August 11, 2022 Demurrer Hearing
- *Exhibit 48* – CourtCall Appearance - Service Copy for Donald J. Putterman for August 11, 2022 Demurrer Hearing
- *Exhibit 49* – Minute Entry regarding Hearing on Demurrer dated August 11, 2022

- *Exhibit 50* – Order Overruling Demurrer filed on August 11, 2022
- *Exhibit 51* – Defendants Coinbase, Inc. and Coinbase Asset Management, Inc.'s Answer to Plaintiff's First Amended Complaint filed on August 22, 2022
- *Exhibit 52* – Defendant ResearchHub Technologies, Inc.'s Answer to Plaintiff's First Amended Complaint filed on August 22, 2022
- *Exhibit 53* – Defendant Brian Armstrong's Answer to Plaintiff's First Amended Complaint filed on August 22, 2022

23. Promptly after filing this Notice of Removal with the District Court in the Northern District of California, Defendants will file a copy of this Notice of Removal with the Clerk of the San Francisco Superior Court and give written notice thereof to Plaintiff as required by 28 U.S.C. § 1446(d). *See also* 9 U.S.C. § 205 ("The procedure for removal of causes otherwise provided by law shall apply . . . .").

24. Pursuant to 28 U.S.C. § 1446(b)(2), all defendants in the state court action who have been properly joined and served join in and consent to the removal of that action to this Court.

WHEREFORE, Defendants pray that the above-entitled action now pending in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-21-597202, be removed to the United States District Court for the Northern District of California.

Dated: August 24, 2022                                         DURIE TANGRI LLP

                                                               By:  /s/ Eugene Novikov
                                                                    EUGENE NOVIKOV

                                                               Attorneys for Defendant
                                                               RESEARCHHUB TECHNOLOGIES, INC.