1  CONSTANCE J. YU (SBN 182704)
2  E-mail: *cyu@plylaw.com*
   DONALD J. PUTTERMAN (SBN 90822)
3  E-mail: *dputterman@plylaw.com*
   GEORGE CHIKOVANI (SBN 254437)
4  E-mail: *gchikovani@plylaw.com*
   ELLEN P. LIU (SBN 280459)
5  E-mail: *eliu@plylaw.com*
   PUTTERMAN | YU | WANG LLP
6  345 California Street, Suite 1160
   San Francisco CA 94104-2626
7  Tel: (415) 839-8779
   Fax: (415) 737-1363
8
   Attorneys for Plaintiff
9  MOUSEBELT LABS PTE. LTD

10

11                    **UNITED STATES DISTRICT COURT**

12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

13

14  MOUSEBELT LABS PTE. LTD,                    Case No.   4:22-cv-04847-JST

15                    Plaintiff,                **PLAINTIFF MOUSEBELT LABS PTE.**
                                                **LTD'S MOTION FOR REMAND**
16              v.
                                                Date:   December 22, 2022
17  BRIAN ARMSTRONG, RESEARCHHUB               Time:   2:00 p.m.
    TECHNOLOGIES, INC., RESEARCHHUB,           Dept:   6, 2nd Floor
18  LLC, COINBASE, INC., COINBASE ASSET
    MANAGEMENT, INC., d/b/a COINBASE            Judge: Honorable Jon S. Tigar
19  VENTURES, and DOES 1-25, inclusive,
                                                Complaint Filed: December 17, 2021
20                    Defendants.
                                                Notice of Removal Filed: August 24, 2022
21

22

23

24

25

26

27

28

1    **PLAINTIFF MOUSEBELT LABS PTE. LTD'S NOTICE OF MOTION AND MOTION FOR**

2                                                    **REMAND**

3                    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: NOTICE IS HEREBY**

4    **GIVEN** that on December 22, 2022, at 2 p.m., Plaintiff MouseBelt Labs PTE. LTD will and hereby

5    moves the Court for an order remanding this action to San Francisco Superior Court pursuant to 28

6    U.S.C. § 1447 and awarding Plaintiff attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), on

7    the ground that Defendants lacked an objectively reasonable basis for seeking removal.

8                    Plaintiff's motion for remand is based upon this notice, the attached memorandum of

9    points and authorities, and the Court's files and records in this case.

10

11

12   Dated:  September 23, 2022                    PUTTERMAN | YU | WANG LLP

13

14                                                 By:  */s/ George Chikovani*
                                                        GEORGE CHIKOVANI
15
                                                   Attorneys for Plaintiff
16                                                 MOUSEBELT LABS PTE. LTD

17

18

19

20

21

22

23

24

25

26

27

28

## **Table of Contents**

I.   INTRODUCTION .......................................................................................................... 1

II.   ARGUMENT ............................................................................................................... 1

    A.   Because Defendants' Removal is Based on the New York Convention, the Denial of Defendants' Motion to Compel Arbitration Requires Remand to State Court. ...................... 1

    B.   No Other Basis for Jurisdiction Exists. ................................................................. 3

    C.   The Court Should Award Attorneys' Fees and Costs for Defendants' Unreasonable Removal. ................................................................................................................................. 3

III.  CONCLUSION............................................................................................................. 5

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Angus v. John Crane Inc.*,

4
    No. 16-CV-03532-JST, 2016 WL 4423379 (N.D. Cal. Aug. 22, 2016) ........................................... 5

5

*Beiser v. Weyler*,
    284 F.3d 665 (5th Cir. 2002) .................................................................................................. 2, 3

6

*Certain Underwriters at Lloyd's London v. Phelps Dunbar, LLP*,
    No. LACV-1705232-JAKASX, 2018 WL 11305368 (C.D. Cal. June 6, 2018) ............................ 2

7

8

*Forsikringsaktieselskabet Hafnia v. Ventilatoren Stork Hengelo, B.V.*,
    902 F.2d 39 (9th Cir. 1990) ......................................................................................................... 2

9

10

*Hawkins v. KPMG LLP*,
    423 F. Supp. 2d 1038 (N.D. Cal. 2006) ...................................................................................... 2

11

*Holzer v. Mondadori*,
    No. 12 CIV. 5234 NRB, 2013 WL 1104269 (S.D.N.Y. Mar. 14, 2013) ..................................... 3

12

13

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) .................................................................................................... 4

14

15

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ............................................................................................................... 4, 5

16

*Moore v. Permanente Med. Grp., Inc.*,
    981 F.2d 443 (9th Cir. 1992) ...................................................................................................... 5

17

18

*Mundi v. Union Sec. Life Ins. Co.*,
    555 F.3d 1042 (9th Cir. 2009) .................................................................................................... 4

19

20

*Norcast S.ar.l. v. Castle Harlan, Inc.*,
    No. 12 CIV. 4973 PAC, 2014 WL 43492 (S.D.N.Y. Jan. 6, 2014) ............................................ 3

21

*Pineda v. Sun Valley Packing, L.P.*,
    No. 121CV01265DADEPG, 2021 WL 5755586 (E.D. Cal. Dec. 3, 2021) .................................. 4

22

23

*Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*,
    668 F.3d 60 (2d Cir.2012) .......................................................................................................... 3

24

25

*Setty v. Shrinivas Sugandhalaya LLP*,
    3 F.4th 1166 (9th Cir. 2021) ....................................................................................................... 4

26

*Williams v. Kemper Indep. Ins. Co.*,
    476 F. Supp. 3d 958 (N.D. Cal. 2020) ....................................................................................... 4

27

28

<u>Statutes</u>

9 U.S.C. § 203 ................................................................................................................. 1

9 U.S.C. § 205 ............................................................................................................. 2, 3

28 U.S.C. §1331 .......................................................................................................... 1, 3

28 U.S.C. §1446 ............................................................................................................... 3

28 U.S.C. § 1447 ........................................................................................................... ii, 4

CASE NO. 4:22-cv-04847-JST

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

     This action was filed in San Francisco Superior Court and removed to federal court based on

4

Chapter 2 of the Federal Arbitration Act, implementing the New York Convention on the

5

Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Defendants

6

subsequently filed a Motion to Compel Arbitration and Stay Proceedings on September 6 (Dkt. 11),

7

and on September 20 Plaintiff filed its opposition (Dkt. 20).

8

     The basis for federal jurisdiction identified by Defendants is an assertion that Plaintiff's

9

claims "relate to" an international arbitration agreement subject to the New York Convention. The

10

only question for the Court to decide in this action is whether arbitration should be compelled. If the

11

Court denies Defendants' Motion to Compel, then this action must be remanded to state court.

12

     As detailed in Plaintiff's Opposition to the Motion to Compel, Defendants' attempt to compel

13

arbitration as nonsignatories to the agreement who lacked any close relationship to the signatories to

14

the agreement is clearly foreclosed by controlling Ninth Circuit law. Additionally, Defendants'

15

conduct in actively litigating the merits of this case in state court for nine months before removal

16

waived any right Defendants may have had to arbitrate. Taken together, these factors show the

17

removal was an attempt to prolong the litigation and impose costs on Plaintiff. Therefore, Plaintiff

18

requests the Court order Defendants to pay the fees and costs incurred by Plaintiffs in connection

19

with the removal and Motion to Compel, pursuant to 28 U.S.C. § 1447(c).

20

**II.     ARGUMENT**

21

    **A.     Because Defendants' Removal is Based on the New York Convention, the Denial
         of Defendants' Motion to Compel Arbitration Requires Remand to State Court.**

22

23

     Defendants' notice of removal is based on the New York Convention. Dkt. 1, ¶6 ("This Court

24

has original jurisdiction over the claims against Defendant because those claims are subject to a

25

written international arbitration agreement that falls under the Convention on the Recognition and

26

Enforcement of Foreign Arbitral Awards (the 'Convention') and, as such, are deemed to arise under

27

the laws and treaties of the United States. *See* 9 U.S.C. § 203; 28 U.S.C. §1331."); ¶7 ("Chapter 2 of

28

the FAA allows for removal 'of an action or proceeding pending in a State court' where 'the subject

CASE NO. 4:22-cv-04847-JST

PLAINTIFF MOUSEBELT LABS PTE. LTD'S MOTION FOR REMAND

matter . . . relates to an arbitration agreement or award falling under the Convention . . . .' 9 U.S.C. §

205."). Where a state court action is removed based on the New York Convention, the denial of a

motion to compel arbitration should be followed by remand to state court.

In *Beiser v. Weyler,* 284 F.3d 665 (5th Cir. 2002), relied upon by Defendants (*see* Dkt. 1, at

¶15), the court noted that:

> Except for state law claims that turn out to be subject to arbitration, § 205 will
> rarely permanently deprive a state court of the power to decide claims properly
> brought before it. The district court will ordinarily remand those cases that turn out
> not to be subject to arbitration, such that the state court will be able to resolve the
> merits of the dispute. Section 205 therefore raises fewer federalism problems than
> the general removal statute, § 1441: except in arbitrable cases, it will ordinary
> permit state courts to resolve the ultimate issues in a case.

*Id.* at 675

While the Ninth Circuit has addressed this issue only in an unpublished opinion, the court

found that, in a case where the New York Convention "provides the only ground for subject matter

jurisdiction," "[o]nce the district court determined that the Hafnia was not subject to the arbitration

clause, the district court could properly have done *nothing but remand.*" *See*

*Forsikringsaktieselskabet Hafnia v. Ventilatoren Stork Hengelo, B.V.*, 902 F.2d 39 (9th Cir. 1990)

(unpublished) (emphasis in original).

District court decisions in this district and elsewhere in the Ninth Circuit are in accord. In

*Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1053 (N.D. Cal. 2006) (Patel, J.), a New York

Convention case, the court simultaneously considered the nonsignatory defendants' motion to compel

arbitration based on equitable estoppel, and plaintiff's motion to remand to state court. The court

held: "Defendants do not have the right to assert the arbitration clause in the Warrant. Plaintiff's

motion to remand is therefore granted." *Id.*  Similarly, in *Certain Underwriters at Lloyd's London v.*

*Phelps Dunbar, LLP*, No. LACV-1705232-JAKASX, 2018 WL 11305368, at *6 (C.D. Cal. June 6,

2018), the court, in ruling on competing motions to compel arbitration under the New York

Convention and to remand, stated "[e]ven if the removing party shows an arbitration agreement that

'relates to' the action, 'if it is later determined that there is no binding arbitration agreement,' remand

may be appropriate ... Thus, under those circumstances, 9 U.S.C. § 205 no longer provides a basis for

subject matter jurisdiction. *See Beiser*, 284 F.3d at 675." The court found that under the preliminary

1   jurisdictional analysis "removal was appropriate," but, having found "there is no enforceable

2   arbitration agreement," "there is no subject matter jurisdiction under 9 U.S.C. § 205 for CU's claims

3   against Phelps. Because 9 U.S.C. § 205 is the only basis that has been advanced to show subject

4   matter jurisdiction, the action must be remanded." *Id.  See also, Holzer v. Mondadori*, No. 12 CIV.

5   5234 NRB, 2013 WL 1104269, at *6 (S.D.N.Y. Mar. 14, 2013) (citing *Scandinavian Reinsurance*

6   *Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.,* 668 F.3d 60, 71 (2d Cir.2012)) ("Thus, this Court only

7   has subject matter jurisdiction over plaintiffs' claims if they are subject to arbitration pursuant to the

8   Purchase Agreements. If none of plaintiffs' claims is arbitrable, we *must remand the entire action to*

9   *state court*.") (emphasis added); *Norcas S.ar.l. v. Castle Harlan, Inc.*, No. 12 CIV. 4973 PAC, 2014

10  WL 43492, *9 (S.D.N.Y. Jan. 6, 2014) (2014) ("Since the Court concludes that neither the SPA nor

11  the Confidentiality Agreement obligate Norcast to arbitrate this dispute with Castle Harlan, there is

12  no basis for subject matter jurisdiction under the FAA, and the Court grants Norcast's motion to

13  remand pursuant to 28 U.S.C. § 1447(c).").

14          **B.      No Other Basis for Jurisdiction Exists.**

15          Plaintiff's complaint does not assert any claims under federal law. *See* First Amended

16  Complaint, Dkt 1-1. There is therefore no federal question jurisdiction under Section 1331, beyond

17  the issue of resolving the motion to compel arbitration. The Notice claims that subject matter

18  jurisdiction "also exists" under Section 1332 based on diversity. Dkt. 1, ¶19.  However, a removal

19  based on Section 1332 would have been untimely by several months, *see* 28 U.S.C. §1446(b)

20  (requiring removal within 30 days of the receipt of the Complaint). The grounds for a removal based

21  on diversity was evident from the face of the complaint, so the extended time provided under Section

22  1446(b)(3) is inapplicable.

23          **C.      The Court Should Award Attorneys' Fees and Costs for Defendants'**
            **Unreasonable Removal.**

24

25          Upon granting a motion to remand, the court may "require payment of just costs and any

26  actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

27  The standard for granting fees and costs under Section 1447 is that the removing party "lacked an

28  objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

141 (2005). The Ninth Circuit has held that removal is "objectively unreasonable" when, at the time of removal, "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

Defendants' removal was based on an attempt to invoke the arbitration clause as nonsignatories, based on equitable estoppel. Dkt. 1, ¶16 ("Although Defendants are not signatories to the Agreements, Plaintiff's claims are arbitrable under the doctrine of equitable estoppel and the arbitration agreements here easily meet the low bar of 'conceivably affect[ing]' the outcome of Plaintiff's case.")  Controlling Ninth Circuit case law directs that the equitable estoppel inquiry is governed by federal common law, which in turns limits the application of equitable estoppel only to situations where the nonsignatory has a relationship with the signatory parties such that it would be equitable to apply the arbitration clause to them.  *See* Dkt. No. 20, at  7-11; *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir. 2021); *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009). Defendants did not allege any such relationship—nor could they, because none exists. *See* Dkt. No 20, at 12-13. Instead, Defendants flatly ignored the controlling federal common law standard—as well as the Singapore law standard, which would apply if federal common law somehow did not—and instead cited only to California law, even though there is no credible argument why California law on equitable estoppel should apply. *Id.* at 14-15. Defendants' removal based on a claim that they can invoke the arbitration clause using equitable estoppel was objectively unreasonable within the meaning Section 1447. *See Pineda v. Sun Valley Packing, L.P.*, No. 121CV01265DADEPG, 2021 WL 5755586, at *5 (E.D. Cal. Dec. 3, 2021) (finding removal objectively unreasonable and awarding fees pursuant to Section 1447(c), where plaintiff improperly removed based on New York Convention).

Moreover, Defendants' course of action suggests the removal was a tactical move after a series of reversals suffered in state court. Dkt. 20, at 4-5, 20-21. "An award of attorney's fees may be appropriate where removal has been 'sought for the purpose of prolonging litigation and imposing costs on the opposing party.'" *Williams v. Kemper Indep. Ins. Co.*, 476 F. Supp. 3d 958, 964 (N.D. Cal. 2020) (Tigar, J.) (quoting *Martin*, 546 U.S. at 140, 126 S.Ct. 704). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose

of prolonging litigation and imposing costs on the opposing party, while not undermining Congress'

basic decision to afford defendants a right to remove as a general matter, when the statutory criteria

are satisfied." *Angus v. John Crane Inc.*, No. 16-CV-03532-JST, 2016 WL 4423379, at *2 (N.D. Cal.

Aug. 22, 2016) (quoting *Moore v. Permanente Med. Grp., Inc.,* 981 F.2d 443, 447 (9th Cir. 1992)).

## III.      CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court remand this action to

San Francisco Superior Court, and order Defendants to pay fees and costs caused by their

unreasonable removal.


Dated:  September 23, 2022                              PUTTERMAN | YU | WANG LLP


                                                       By:  */s/ George Chikovani*
                                                             GEORGE CHIKOVANI

                                                       Attorneys for Plaintiff
                                                       MOUSEBELT LABS PTE. LTD