1  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
2  VIRGINIA GRACE DAVIS (State Bar No. 336732)
   grace.davisfisher@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
4  San Francisco, California 94105-2907
   Telephone: (415) 512-4000
5  Facsimile: (415) 512-4077

6  JORDAN D. SEGALL (State Bar No. 281102)
   jordan.segall@mto.com
7  MIRANDA E. REHAUT (State Bar No. 335748)
   miranda.rehaut@mto.com
8  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
9  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
10 Facsimile:    (213) 687-3702

11 *Attorneys for Defendant Brian Armstrong*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| MOUSEBELT LABS PTE. LTD., | Case No. 3:22-cv-04847-JST |
|---|---|
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |
| v. | Date:   December 22, 2022<br>Time:   2:00 P.M.<br>Ctrm:   6, 2nd Floor |
| BRIAN ARMSTRONG, RESEARCHHUB TECHNOLOGIES, INC., RESEARCHHUB, LLC, COINBASE, INC., COINBASE ASSET MANAGEMENT, INC., d/b/a COINBASE VENTURES, and DOES 1-25, inclusive, | Judge:  Hon. Jon S. Tigar |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................1

II.  ARGUMENT .....................................................................................................................2

    A.   The Court Has Removal Jurisdiction Because Defendants Properly Removed This Case Under 9 U.S.C. § 205 ................................................................2

    B.   This Court Has Jurisdiction Under 9 U.S.C. § 203 .....................................................3

    C.   Even if the Court Lacks Jurisdiction Under § 203, It Has Diversity Jurisdiction Under 28 U.S.C. § 1332 ..........................................................................4

    D.   MouseBelt Is Not Entitled to Attorneys' Fees or Costs Under 28 U.S.C. § 1447(c) .....................................................................................................................7

    E.   Should the Court Grant MouseBelt's Motion, a Temporary Stay Is Appropriate ..................................................................................................................8

III. CONCLUSION ..................................................................................................................9

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*26th Corp. v. Clear Recon Corp.*,
   2019 WL 455100 (N.D. Cal. Feb. 6, 2019) ................................................................................4

*Angus v. John Crane Inc.*,
   2016 WL 4423379 (N.D. Cal. Aug. 22, 2016) ...........................................................................8

*Aviles v. Quik Pick Express, LLC*,
   2016 WL 6902458 (C.D. Cal. Jan. 25, 2016) ............................................................................9

*Beiser v. Weyler*,
   284 F.3d 665 (5th Cir. 2002) ...........................................................................................1, 2, 4, 6

*Certain Underwriters at Lloyd's London v. Phelps Dunbar, LLP*,
   2018 WL 11305368 (C.D. Cal. June 6, 2018) ...........................................................................6

*Cnty. of San Mateo v. Chevron Corp.*,
   294 F. Supp. 3d 934 (N.D. Cal. 2018), aff'd, 32 F.4th 733 (9th Cir. 2022) ...............................9

*Day v. Orrick, Herrington & Sutcliffe, LLP*,
   42 F.4th 1131 (9th Cir. 2022) ....................................................................................................3

*Dias v. Burberry Ltd.*,
   2021 WL 2349730 (S.D. Cal. June 9, 2021) .............................................................................5

*Forsikringsaktieselskabet Hafnia v. Ventilatoren Stork Hengelo, B.V.*,
   902 F.2d 39 (9th Cir. 1990) .......................................................................................................6

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ...................................................................................................5

*Hansen v. LMB Mortg. Servs., Inc.*,
   1 F.4th 667 (9th Cir. 2021) ........................................................................................................9

*Hawkins v. KPMG LLP*,
   423 F. Supp. 2d 1038 (N.D. Cal. 2006) ....................................................................................6

*Holzer v. Mondadori*,
   2013 WL 1104269 (S.D.N.Y. Mar. 14, 2013) ..........................................................................6

*Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*,
   631 F.3d 1133 (9th Cir. 2011) ...................................................................................1, 2, 3, 5, 6

*Kenny v. Wal-Mart Stores, Inc.*,
   881 F.3d 786 (9th Cir. 2018) .....................................................................................................8

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
    707 F.3d 1136 (9th Cir. 2013) .................................................................................................8

*Lively v. Wild Oats Markets, Inc.*,
    456 F.3d 933 (9th Cir. 2006) ...................................................................................................5

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) .................................................................................................8

*Martin v. Franklin Cap. Corp.*,
    546 U.S. 132 (2005) .......................................................................................................1, 7, 8

*Norcast S.ar.l. v. Castle Harlan, Inc.*,
    2014 WL 43492 (S.D.N.Y. Jan. 6, 2014) ................................................................................7

*Owen Equip. & Erection Co. v. Kroger*,
    437 U.S. 365 (1978) ................................................................................................................4

*Palmer Ventures, L.L.C. v. Deutsche Bank, AG*,
    2008 WL 11351628 (M.D. La. Feb. 15, 2008) .......................................................................6

*Pineda v. Sun Valley Packing, L.P.*,
    2021 WL 5755586 (E.D. Cal. Dec. 3, 2021) ...........................................................................7

*Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*,
    2015 WL 5471434 (C.D. Cal. Sept. 18, 2015) ........................................................................5

*Torres v. Ford Motor Co.*,
    2019 WL 994015 (C.D. Cal. Jan. 4, 2019) ..............................................................................6

*Williams v. Kemper Indep. Ins. Co.*,
    476 F. Supp. 3d 958 (N.D. Cal. 2020) .....................................................................................8

**FEDERAL STATUTES**

9 U.S.C. § 16(a)(1)(B) .......................................................................................................................9

9 U.S.C. § 203 ...........................................................................................................................2, 3, 4

9 U.S.C. § 205 ........................................................................................................................ *passim*

28 U.S.C. § 1332 ......................................................................................................................1, 4, 5, 6

28 U.S.C. § 1441 ......................................................................................................................4, 5, 6

28 U.S.C. § 1446(b)(1) .....................................................................................................................4

28 U.S.C. § 1447(c) ..........................................................................................................................7

## I.     INTRODUCTION

MouseBelt does not dispute that Defendants properly removed this case based on § 205 of the New York Convention,[1] which "provides federal courts with remarkably broad removal authority." *Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138 n.5 (9th Cir. 2011) (citing *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)).  Nor does MouseBelt contend that there was any defect in the removal procedure.  MouseBelt instead argues that if (and only if) the Court denies Defendants' pending motion to compel arbitration, "then this action must be remanded to state court."  Mot. at 1.  But even assuming *arguendo* that MouseBelt's claims are not arbitrable, which they are, MouseBelt's position is wrong because the Court has an independent basis for federal jurisdiction—diversity jurisdiction under 28 U.S.C. § 1332(a)(2).  The fact that Defendants did not remove on the basis of diversity under the general removal statute but rather removed under 9 U.S.C. § 205 does not change the fact that this Court now has diversity jurisdiction over this case.  *See Infuturia*, 631 F.3d at 1137 (holding, in case removed under the New York Convention, that diversity of parties independently supported subject matter jurisdiction).

The fact that Defendants had a proper basis for removal under § 205 is also fatal to MouseBelt's demand for fees.  MouseBelt attempts to denigrate the merits of Defendants' motion to compel arbitration, but that is not the relevant question for adjudicating the reasonableness of Defendants' removal: rather, fees are available only if the removing party "lacked an objectively reasonable basis for *seeking removal*."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).  MouseBelt does not dispute that Defendants satisfied the statutory criteria for removing under § 205.

Nevertheless, should the Court decide to deny Defendants' motion to compel arbitration and grant MouseBelt's Motion, Defendants request a temporary stay of the remand order to allow the parties to brief the issue of whether the Court should stay the matter pending appeal.

---

[1] All defined terms have the same meaning as those set forth in MouseBelt's Motion.

## II. ARGUMENT

MouseBelt's Motion conflates three related but distinct questions relevant to remand. First, does this Court have removal jurisdiction under 9 U.S.C. § 205? It does, and MouseBelt does not contend otherwise. Second, if Defendants prevail on their argument that MouseBelt's claims are arbitrable under the New York Convention, *see* Dkt. 11, will the Court have continuing jurisdiction under 9 U.S.C. § 203? It will, and again MouseBelt does not press a contrary view. Third, if the Court holds that MouseBelt's claims are not arbitrable, will it be divested of jurisdiction over the matter such that remand to the state court is required? It will not, because the parties' complete diversity supplies a basis for ongoing jurisdiction here. MouseBelt's Motion should be denied.

### A. The Court Has Removal Jurisdiction Because Defendants Properly Removed This Case Under 9 U.S.C. § 205

MouseBelt does not dispute that Defendants' notice of removal was procedurally proper or that the Court properly exercised removal jurisdiction under 9 U.S.C. § 205, which permits removal at any time before trial of an action that "relates to an arbitration agreement or award falling under the Convention[.]" *See* Notice of Removal (Dkt. 1) ¶¶ 6–7 (removing based on § 205). Nowhere does MouseBelt argue that this case does not "relate[] to" an arbitration agreement falling under the Convention or that Defendants otherwise did not clear the "low bar" for establishing removal jurisdiction under § 205. *Beiser*, 284 F.3d at 669.

Nor could it. Section 205's "remarkably broad removal authority," *Infuturia*, 631 F.3d at 1138 n.5 (citing *Beiser*, 284 F.3d at 674), gives federal district courts "jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 1138. For that reason, courts routinely hold that removal jurisdiction under § 205 exists even where no contractual relationship exists between the parties. In *Infuturia*, for example, plaintiff Infuturia entered into a licensing agreement with a third party that required arbitration of "any dispute connected in any way to the implementation of [the] Agreement." *Id.* at 1135. Infuturia later sued three nonparties to the licensing agreement (but not the counterparty), alleging tortious interference. *Id.* Two defendants removed to federal court

under § 205 based on the arbitration clause in Infuturia's licensing agreement. *Id.* Infuturia moved to remand, arguing that removal was improper "because the defendants were not parties to the foreign arbitration agreement." *Id.* After the district court denied remand, the Ninth Circuit affirmed, holding that the action related to an arbitration agreement falling under the Convention notwithstanding the lack of contractual privity and reaffirming that removal jurisdiction exists whenever an arbitration agreement "could *conceivably* affect the outcome" of the case. *Id.* at 1138–39 (citation omitted) (emphasis added).

Here, Defendants contend they may compel arbitration as nonsignatories to arbitration agreements that "fall under" the Convention, 9 U.S.C. § 205, on an equitable estoppel theory. *See* Dkt. 8-1 at 7–15 . MouseBelt does not deny that the arbitration agreements "fall under" the Convention—indeed, MouseBelt's opposition to Defendants' motion to compel arbitration repeatedly observes that this case "involv[es] the New York Convention." Dkt. 20 at 1, 7–8. It is not merely *conceivable* that the arbitration agreement could affect the outcome of the case, it is *likely*. Removal under § 205 was therefore proper.

### B. This Court Has Jurisdiction Under 9 U.S.C. § 203

"Section 203 of the [Convention] provides federal district courts with original jurisdiction, without regard to the amount in controversy, over '[a]n action or proceeding falling under the Convention.'" *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1135 (9th Cir. 2022) (quoting 9 U.S.C. § 203); *see also* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.").

Defendants' briefing on their motion to compel arbitration explained at length why the action here falls under the Convention, *see* Dkt. 11 at 7–15; Dkt. 26 at 7–20, and MouseBelt does not dispute that if the Court *grants* (even in part) Defendants' motion to compel arbitration, this Court will continue to have ongoing jurisdiction over the case under 9 U.S.C. § 203. Instead, MouseBelt argues only that "[i]f the Court *denies* Defendants' Motion to Compel" in the future, "then this action must be remanded to state court" for lack of subject matter jurisdiction. Mot. at 1 (emphasis added). MouseBelt is wrong because the Court independently has diversity jurisdiction over this case, as explained in the next section.

### C.  Even if the Court Lacks Jurisdiction Under § 203, It Has Diversity Jurisdiction Under 28 U.S.C. § 1332

Even if the Court denies Defendants' motion to compel arbitration, it will still retain jurisdiction over this case under 28 U.S.C. § 1332, the diversity jurisdiction statute.[2] This Court has original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332(a); *see 26th Corp. v. Clear Recon Corp.*, 2019 WL 455100, at *1 (N.D. Cal. Feb. 6, 2019).  The amount-in-controversy requirement is satisfied here; MouseBelt alleges that its initial investment in Knowledgr alone was worth $315,000, and it prays for both compensatory damages for its allegedly lost investment and for punitive damages.  FAC (Dkt. 1-39) ¶¶ 2, 35, Prayer for Relief ¶¶ A–B.  The parties are also completely diverse: Plaintiff MouseBelt is a citizen of Singapore, *id.* ¶ 16; Defendant Armstrong is a citizen of California, *id.* ¶ 17; and Defendants ResearchHub, Coinbase, Inc., and Coinbase Asset Management, Inc. are citizens of Delaware or California or both, *id.* ¶¶ 18–20.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (complete diversity exists when "each defendant is a citizen of a different State from each plaintiff").

MouseBelt acknowledges that Defendants' notice of removal stated that the Court has diversity jurisdiction under § 1332, Mot. at 3, and does not dispute that § 1332's jurisdictional prerequisites are satisfied.  Instead, MouseBelt argues that removal on the basis of diversity "would have been untimely by several months," because removal on the basis of diversity jurisdiction must occur within 30 days of receipt of the complaint.  Mot. at 3; *see* 28 U.S.C. § 1446(b)(1).

MouseBelt's argument about the timing of a diversity removal that never occurred is irrelevant.  Defendants removed under the special removal procedure of § 205 of chapter 2 of the Federal Arbitration Act, which incorporates the Convention into U.S. law—not the general removal statute, 28 U.S.C. § 1441.  *See* Mot. at 3; Notice of Removal ¶ 7 (removing based on § 205).  "Section 205 eliminates the thirty-day time frame [of § 1441 removals] and requires only

---

[2] A denial of Defendants' motion to compel arbitration would not render the § 205 removal retrospectively improper, *Beiser*, 284 F.3d at 669, and MouseBelt does not argue that it would.

that the defendant remove the action 'at any time before the trial.'" *Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, 2015 WL 5471434, at *3 (C.D. Cal. Sept. 18, 2015) (quoting 9 U.S.C. § 205) ("easily dispos[ing] of" the plaintiff's argument that the "[d]efendants' removal was untimely" under § 1446(b) because the defendants removed under § 205); *see also Infuturia*, 631 F.3d at 1137 (where removal "was effectuated under 9 U.S.C. § 205, the traditional diversity removal provisions of 28 U.S.C. § 1441 do not apply").

The fact that Defendants could not have timely removed under § 1441 on the basis of the parties' diversity at the time they removed under 9 U.S.C. § 205 does not alter the fact that the Court has subject matter jurisdiction under § 1332.  The 30-day time limit for diversity removal imposed by § 1446(b) is "not jurisdictional"; it has no bearing on whether diversity jurisdiction exists in the event a case finds its way to federal court via some other procedural mechanism. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212–13 (9th Cir. 1980).

Indeed, the forum-defendant rule would have prohibited Defendants from removing based solely on diversity jurisdiction even within 30 days of the initial pleading. *Dias v. Burberry Ltd.*, 2021 WL 2349730, at *2 (S.D. Cal. June 9, 2021) ("If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state." (citing 28 U.S.C. § 1441(b)(2)); FAC ¶¶ 17–20 (alleging that Defendants are California citizens).  The forum-defendant rule, too, is a non-jurisdictional procedural rule that does not affect the underlying existence of diversity jurisdiction. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Again, *Infuturia* is instructive.  There, the defendant removed under 9 U.S.C. § 205 and the plaintiff moved to remand, contending that the district court lacked subject matter jurisdiction. 631 F.3d at 1136.  As an alternative to jurisdiction under §§ 203 and 205, the defendant argued for diversity jurisdiction under 28 U.S.C. § 1332. *Id.*  The plaintiff argued that there was no diversity jurisdiction because the defendant could not have removed on that basis, both because of the forum-defendant rule and because complete diversity did not exist at the time of removal. *Id.* at 1137.  Observing that both objections were statutory rather than jurisdictional, the Ninth Circuit held that "[b]ecause removal in this case was effectuated under 9 U.S.C. § 205, the traditional

diversity removal provisions of 28 U.S.C. § 1441 do not apply." *Id.* And, because the district court had diversity jurisdiction, the court did not even need to "reach the other contended bases for subject matter jurisdiction under §§ 203 and 205"—diversity alone was sufficient to support the district court's continued jurisdiction after a § 205 removal. *Id.* at 1136–37.

The situation here is on all fours with *Infuturia*. Defendants effectuated removal under 9 U.S.C. § 205, so the removal provisions of 28 U.S.C. § 1441—including the 30-day deadline MouseBelt invokes—do not apply. Nonetheless, diversity jurisdiction still exists and requires the denial of MouseBelt's Motion. *See, e.g.*, *Torres v. Ford Motor Co.*, 2019 WL 994015, at *1 (C.D. Cal. Jan. 4, 2019) (remand improper where "diversity jurisdiction does exist" even if removal on other grounds for federal jurisdiction was improper, and even where removal on the basis of diversity would have been untimely); *Palmer Ventures, L.L.C. v. Deutsche Bank, AG*, 2008 WL 11351628 (M.D. La. Feb. 15, 2008) (declining to remand case removed pursuant to § 205 even after denial of motion to compel arbitration and affirmance of that denial by the court of appeals on the basis that "diversity jurisdiction exists under 28 U.S.C. § 1332").

The existence of diversity jurisdiction also distinguishes this case from those MouseBelt cites in which an action removed under § 205 was remanded following denial of a subsequent motion to compel arbitration. In each of MouseBelt's cases (Mot. at 2–3), the New York Convention was the *sole* basis for federal jurisdiction. *See Beiser*, 284 F.3d at 675 ("If the district court decides that the arbitration clause does not provide a defense, **and no other grounds for federal jurisdiction exist**, the court must ordinarily remand the case back to state court." (emphasis added)); *see also Forsikringsaktieselskabet Hafnia v. Ventilatoren Stork Hengelo, B.V.*, 902 F.2d 39 (9th Cir. 1990) (the New York Convention "provides the only ground for subject matter jurisdiction in this case"); *Certain Underwriters at Lloyd's London v. Phelps Dunbar, LLP*, 2018 WL 11305368, at *6 (C.D. Cal. June 6, 2018) ("9 U.S.C. § 205 is the only basis that has been advanced to show subject matter jurisdiction"); *Holzer v. Mondadori*, 2013 WL 1104269, at *4 (S.D.N.Y. Mar. 14, 2013) (because the defendant was a "stateless" U.S. citizen domiciled in Italy, the only possible basis for federal jurisdiction was § 205); *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1042 (N.D. Cal. 2006) ("The sole basis for federal jurisdiction is 9 U.S.C. section

205 ….”); *Norcast S.ar.l. v. Castle Harlan, Inc.*, 2014 WL 43492, *3 (S.D.N.Y. Jan. 6, 2014) ("The sole asserted basis for subject matter jurisdiction in this case is Chapter 2 of the FAA ….”). Here, even if this Court concludes that Defendants cannot compel arbitration, another ground for federal jurisdiction exists, so remand must be denied.

        **D.**        **MouseBelt Is Not Entitled to Attorneys' Fees or Costs Under 28 U.S.C. § 1447(c)**

MouseBelt *nowhere* contends that Defendants' § 205 removal was improper—and in fact admits that it *was* proper when it concedes that this case involves the Convention in its opposition to Defendants' motion to compel arbitration (Dkt. 20 at 1, 7–8) and argues in its Motion that this Court can properly decide "whether arbitration should be compelled" (Mot. at 1). Nonetheless, MouseBelt demands attorneys' fees and costs on the ground that no "objectively reasonable basis exist[ed]" for seeking removal. Mot. at 3–4; *Martin*, 546 U.S. at 141.

Recapitulating the arguments it made in opposition to Defendants' motion to compel arbitration, Dkt. 20, MouseBelt argues that removal was objectively unreasonable because Defendants cannot "invoke the arbitration clause as nonsignatories." Mot. at 4. MouseBelt is confusing the merits of Defendants' removal under § 205 with the merits of its post-removal motion to compel arbitration under the relevant agreements. MouseBelt does not dispute that (1) the arbitration agreements at issue fall under the Convention or (2) that the action "relates to" those agreements. 9 U.S.C. § 205. Removal was therefore more than merely reasonable—it was objectively proper. The reasonableness of Defendants' subsequent motion to compel arbitration under those agreements as nonsignatories is irrelevant to whether MouseBelt can recover fees under 28 U.S.C. § 1447(c), which relates only to the reasonableness of the removal itself. *Cf. Pineda v. Sun Valley Packing, L.P.*, 2021 WL 5755586, at *4 (E.D. Cal. Dec. 3, 2021) (fees warranted following frivolous § 205 removal where arbitration agreements at issue did not fall under the Convention in the first place, because they were not commercial in nature and were entirely domestic in scope).

In any event, even if the reasonableness of Defendants' motion to compel were the correct question, MouseBelt would not come close to meeting the "objective unreasonableness" standard. As explained in Defendants' briefing on their motion to compel arbitration, MouseBelt's position

that Defendants cannot invoke arbitration as nonsignatories is wrong in multiple respects, and the doctrine of equitable estoppel compels MouseBelt to arbitrate. *See* Dkt. 8-1 at 7–15; Dkt. 26 at 7–20. At minimum, the parties have a bona fide dispute on arbitrability. *Cf. Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

Finally, because Defendants had a valid statutory basis for removing this case under § 205, MouseBelt's accusation that Defendants' removal "was a tactical move" (Mot. at 4–5) is beside the point. *See Angus v. John Crane Inc.*, 2016 WL 4423379, at *2 (N.D. Cal. Aug. 22, 2016) (defendants have "a right to remove as a general matter[] when the statutory criteria are satisfied" (quoting *Martin*, 546 U.S. at 140)). The accusation is also false; Defendants promptly removed a mere two weeks after being served with a copy of the agreements containing the relevant arbitration clauses. *See* Notice of Removal (Dkt. 1) (filed August 24, 2022); Dkt. 11-1 ¶ 7 (stating agreements produced to Defendants on August 10, 2022); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790–91 (9th Cir. 2018) (vacating district court order remanding case to state court, approving of removal effected only "after it [wa]s apparent that the case [wa]s removable," when defendants were served with "a paper that g[ave] them enough information to remove"); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (removal clock not triggered if removability is not discernible from the initial pleading). Regardless, even where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party"—and those certainly were not Defendants' purposes here—fees cannot be recovered "when an objectively reasonable basis exists" for the removal. *Williams v. Kemper Indep. Ins. Co.*, 476 F. Supp. 3d 958, 964 (N.D. Cal. 2020) (quoting *Martin*, 546 U.S. at 141).

### E. Should the Court Grant MouseBelt's Motion, a Temporary Stay Is Appropriate

MouseBelt's motion to remand can succeed only if this Court denies Defendants' motion to compel arbitration in its entirety, though it should not succeed even then for the reasons set forth above. If the Court does deny Defendants' motion to compel arbitration, however, Defendants will be entitled to immediately appeal the denial of their motion to compel arbitration

under 9 U.S.C. § 16(a)(1)(B). *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021) ("[D]enial of a motion to compel arbitration is immediately appealable" under § 16(a)(1)(B)); *Aviles v. Quik Pick Express, LLC*, 2016 WL 6902458, at *2 (C.D. Cal. Jan. 25, 2016) ("The [Federal Arbitration Act] permits an immediate appeal of an order denying a motion to compel arbitration."). In the event the Court denies Defendants' motion to compel arbitration and grants the instant Motion, Defendants request a temporary stay of any remand order "to sort out whether a longer stay pending appeal is warranted." *Cnty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 939 (N.D. Cal. 2018), *aff'd*, 32 F.4th 733 (9th Cir. 2022).

## III.  CONCLUSION

For the foregoing reasons, MouseBelt's Motion should be denied. Nevertheless, should the Court grant MouseBelt's Motion and deny Defendants' motion to compel arbitration, Defendants request that any remand order be temporarily stayed to allow the parties to brief the issue of whether the Court should further stay the matter pending appeal.

DATED:  October 7, 2022                     MUNGER, TOLLES & OLSON LLP

By:  _____/s/ Jordan D. Segall_____
JORDAN D. SEGALL
Attorneys for Defendant BRIAN ARMSTRONG

DATED:  October 7, 2022                     CONRAD | METLITZKY | KANE LLP

By:  _____/s/ Mark R. Conrad_____
MARK R. CONRAD
Attorneys for Defendants COINBASE, INC. and COINBASE ASSET MANAGEMENT, INC. d/b/a COINBASE VENTURES

| | |
|---|---|
| DATED: October 7, 2022 | DURIE TANGRI LLP |
| | By:  */s/ Eugene Novikov* |
| | Eugene Novikov |
| | Attorneys for Defendant RESEARCHHUB TECHNOLOGIES, INC. |