| | |
|---|---|
| MIRIAM KIM (SBN 238230)<br>miriam.kim@mto.com<br>VIRGINIA GRACE DAVIS (SBN 336732)<br>grace.davisfisher@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105-2907<br>Telephone: 415-512-4000<br>Facsimile: 415-512-4077<br><br>JORDAN D. SEGALL (SBN 281102)<br>jordan.segall@mto.com<br>MIRANDA E. REHAUT (SBN 335748)<br>miranda.rehaut@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071-3426<br>Telephone: 213-683-9100<br>Facsimile: 415-512-4077<br><br>*Attorneys for Defendant BRIAN ARMSTRONG* | DARALYN J. DURIE (SBN 169825)<br>ddurie@mofo.com<br>EUGENE NOVIKOV (SBN 257849)<br>enovikov@mofo.com<br>RAGHAV R. KRISHNAPRIYAN (SBN 273411)<br>rkrishnapriyan@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: 415-268-7000<br>Facsimile: 415-268-7522<br><br>KIRA A. DAVIS (SBN 332874)<br>kiradavis@mofo.com<br>W. HENRY HUTTINGER (SBN 312843)<br>hhuttinger@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: 213-892-5200<br>Facsimile: 213-892-5454<br><br>*Attorneys for Defendant RESEARCHHUB TECHNOLOGIES, INC.* |

MARK CONRAD (SBN 255667)
mconrad@conmetkane.com
FELIPE CORREDOR (SBN 295692)
fcorredor@conmetkane.com
CONRAD | METLITZKY | KANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: 415-343-7100
Facsimile: 415-343-7101

*Attorneys for Defendants COINBASE, INC. and COINBASE ASSET MANAGEMENT, INC.*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOUSEBELT LABS PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ARMSTRONG, RESEARCHHUB TECHNOLOGIES, INC., RESEARCHHUB, LLC, COINBASE, INC., COINBASE ASSET MANAGEMENT, INC., d/b/a COINBASE VENTURES, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 4:22-cv-04847-JST<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION REQUESTING HEARING** |

Currently awaiting the Court's decision is Defendants' Motion to Compel Arbitration and to Stay Litigation ("Motion to Compel Arbitration"). That motion was filed in September 2022, because until only weeks earlier, Plaintiff MouseBelt Labs Pte. Ltd. ("MouseBelt") had refused to produce the relevant agreements containing the arbitration clause at issue out of a purported desire to protect the confidentiality of contract terms that for the most part it had already publicly disclosed. *See* Dkt. 38-1 at 20.

In opposition to Defendants' Motion to Compel Arbitration, MouseBelt argued Defendants waived their right to arbitration. *See* Dkt. 20 at 18-21. Defendants thereafter addressed waiver in their reply brief. Dkt. 26 at 18-20 (reply). At oral argument, both parties further discussed the waiver issue. Dkt. 34 at 11:14-12:23, 17:3-11, 25:20-31:10, 32:15-33:14 (hearing transcript). At the hearing, and in response to the argument of counsel, the Court emphasized that MouseBelt had the burden to come forward with "affirmative evidence" rather than only the "negative implication [that] maybe other of your clients had access to these agreements." Dkt. 34 at 11:24-12:5; *see also id.* at 25:24-26:10.

Apparently dissatisfied with the state of the record and with the Court's suggestion that it had failed to present the affirmative evidence required to meet its "heavy burden of proof' to show waiver," Dkt. 26 at 19 (citing *Tectura Corp. v. LaBudde Grp., Inc.*, 2009 WL 4723340, at *3 (N.D. Cal. Dec. 4, 2009)), MouseBelt has now filed a document styled as an "administrative motion," even though its filing does not remotely fit the criteria for such motions or for supplementary material on a submitted motion. Dkt. 38; *see* Civ. L.R. 7-3, 7-11. MouseBelt offers no explanation why it waited two months to seek leave to supplement the record with the facts and allegations presented in its brief, all of which MouseBelt either did raise or could have raised before the hearing on the Motion to Compel Arbitration, other than to say that "MouseBelt's counsel had this matter on the back-burner." *Id.* at 4. Which is to say, there is no excuse at all for MouseBelt's delay.

MouseBelt's "administrative" motion is a transparently improper and belated attempt to supplement its prior briefing and evidence to compensate for its own failure to meet its burden on waiver in the first instance. MouseBelt's motion is procedurally and substantively deficient and should be rejected on those bases.

**I.      MouseBelt's "Administrative" Motion Flouts this Court's Local Rules.**

Under Civil Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" except in limited circumstances not applicable here. Here, MouseBelt did not seek leave from the Court to file a supplemental brief, and that failure alone justifies denying MouseBelt's administrative motion. *See, e.g.*, *In re MacBook Keyboard Litig.*, 2022 WL 1604753, at *8 (N.D. Cal. Jan. 25, 2022) (striking supplemental response because "Apple did not seek permission to submit … any further argument on motions already taken under submission"). Further, MouseBelt could not have obtained leave even had it sought such leave, since it cannot show that anything has changed since the parties' briefing on the Motion to Compel Arbitration was completed. *Cf. Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2019 WL 1560449, at *1-2 (N.D. Cal. Apr. 10, 2019) (Tigar, J.) (granting motions for leave to file supplemental materials because they "reasonably address relevant factual developments that occurred after Rearden filed its reply"); *Michael Taylor Designs, Inc. v. Travelers Property Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011) ("The local rules are structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge."). To the contrary, all the facts, allegations, insinuations, and arguments in MouseBelt's administrative motion—as well as in the 11-page, single-spaced letter to defense counsel that MouseBelt's attorneys plainly crafted to function as a supplemental brief on the issue of waiver— were both known to and/or *affirmatively raised by* MouseBelt in its earlier briefing and at oral argument on the Motion to Compel Arbitration.

To get around this problem, MouseBelt has styled its submission as an "administrative motion" under Civil Local Rule 7-11. But that rule is limited to "miscellaneous administrative matters … such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." Civ. L.R. 7-11(a). It is not intended to be used, as MouseBelt uses it here, as a Trojan horse to submit supplemental briefing, seek discovery from opposing parties and their counsel, or request the adjudication of substantive issues tangentially relating to the merits of a motion that has long been fully briefed and under submission before the Court. *See Hess v. Astrazeneca Pharms., L.P.*, 2006 WL

2092068, at *1 (N.D. Cal. July 26, 2006) ("[A]n administrative motion is not the appropriate vehicle for resolution of the substantive arguments ….").

## II. MouseBelt's "Administrative" Motion Is Meritless.

Even if MouseBelt's administrative motion were procedurally proper (it is not), that motion (and the self-serving declaration and pseudo-brief submitted in support of it) contains a mix of facts, allegations, arguments, and speculation that could all have been (and, for the most part, were) raised in MouseBelt's opposition to the Motion to Compel Arbitration or at the hearing on that motion. MouseBelt argues that it did not have an opportunity to respond in writing to Defendants' reply brief on the Motion to Compel Arbitration, Dkt. 38 at 3, but MouseBelt never sought leave to file a sur-reply before the hearing. MouseBelt instead chose to use the hearing to "respond to those arguments" that MouseBelt contended "were first raised by Defendants on their reply." Dkt. 34 at 17:3-11. Then, during the hearing, the Court requested supplemental briefing on a legal issue related to MouseBelt's arguments, and *even then* MouseBelt did not seek leave to file supplemental briefing regarding waiver. Nothing in this Court's Local Rules permits a disappointed party to submit a *de facto* sur-reply two months after a motion hearing when neither the law nor the facts have changed.

More importantly, MouseBelt ignores that the substantive issues raised in its administrative motion were covered extensively both in its prior briefing and at oral argument. For example, MouseBelt contends that "Defendants' moving papers … did not state when they first obtained or saw copies of the agreements or learned of their terms." Dkt. 38 at 2. But MouseBelt already argued in its opposition brief that a finding of waiver was required because "Defendants did not state that ResearchHub did not have the agreements" or that "Defendants and their counsel were unaware of the agreements and their terms" before MouseBelt produced them. Dkt. 20 at 20 (emphasis omitted). MouseBelt raised the same points at oral argument. *E.g.*, Dkt. 34 at 25:22-23 (arguing that "Defendants, in responding to the waiver argument … never claim[ed] that they did not have knowledge of what to arbitrate"); *id.* at 27:23-28:2 (contending that "either Defendants actually knew about the existence of the arbitration clause, … or they had every reason to suspect that there was an arbitration clause"). Nowhere does MouseBelt suggest that the facts, allegations, arguments, and speculation in its current motion were not, or could not have been, presented to the Court in its opposition brief or at the hearing. Indeed, MouseBelt's own

1 administrative motion cites correspondence dating back to *August 2020* as the basis for its current motion.  Dkt. 38 at 4-5.

Defendants stand ready to defend each and every one of their statements to the Court as accurate and appropriate.  Indeed, Defendants respectfully submit that the Court's own comments at the hearing on the Motion to Compel Arbitration indicate that it understood full well the state of the evidentiary record on waiver.  Dkt. 34 at 11:24-12:5.  The Court should not countenance MouseBelt's cynical effort to belatedly supplement that record—and its own briefing—under the guise of an attack on the ethics of opposing counsel.  MouseBelt already had one bite at the apple and failed to bring such additional matters to the Court's attention at any time before the Motion to Compel Arbitration was heard and submitted.  MouseBelt's untimely attempt to raise points it could have made or did in fact make before the Motion to Compel Arbitration was fully briefed and submitted for the Court's decision is thus, again, a belated attempt to meet its burden on waiver.

MouseBelt's administrative motion should be denied.

| | |
|---|---|
| Dated:  February 21, 2023 | MUNGER TOLLES & OLSON LLP |
| | |
| | By: */s/ Miriam Kim* |
| | MIRIAM KIM |
| | |
| | Attorneys for Defendant<br>BRIAN ARMSTRONG |
| | |
| Dated:  February 21, 2023 | MORRISON & FOERSTER LLP |
| | |
| | By: */s/ Eugene Novikov* |
| | EUGENE NOVIKOV |
| | |
| | Attorneys for Defendant<br>RESEARCHHUB TECHNOLOGIES, INC. |
| | |
| Dated:  February 21, 2023 | CONRAD | METLITZKY | KANE LLP |
| | |
| | By: */s/ Mark R. Conrad* |
| | MARK R. CONRAD |
| | |
| | Attorneys for Defendants<br>COINBASE, INC. and COINBASE ASSET MANAGEMENT, INC. |

**ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of this document.

*/s/ Mark R. Conrad*
MARK R. CONRAD
