UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUSEBELT LABS PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ARMSTRONG, et al., <br><br> Defendants. | Case No. 22-cv-04847-JST <br><br> **ORDER DENYING ADMINISTRATIVE MOTION REQUESTING HEARING ON POSSIBLE BREACH OF DUTY OF CANDOR BY DEFENDANTS' COUNSEL** <br><br> Re: ECF No. 38 |

Before the Court is Plaintiff MouseBelt Labs Pte., Ltd.'s ("MouseBelt") administrative motion. ECF No. 38. MouseBelt filed this motion in connection with Defendants' motion to compel arbitration, ECF No. 11, which is currently under submission. With respect to the motion to compel, the parties dispute whether Defendants waived any right to arbitrate by participating in state court litigation on the merits. In its briefing and at the hearing, MouseBelt contended that Defendants knew of the arbitration clause at issue long before MouseBelt's production of the agreements containing the clause in discovery during the state court proceedings such that Defendants waived their right to arbitrate. Defendants argued that MouseBelt failed to carry its burden to demonstrate that Defendants knew of their agreements and their contents prior to their production in discovery.

In its administrative motion, MouseBelt accuses Defendants of implicitly misrepresenting to the Court that Defendants lacked knowledge of the agreements prior to their production in discovery. ECF No. 38 at 6 ("*If* Defendants indeed had such knowledge while implying otherwise to the Court, Defendants' counsel would have violated their duty of candor toward the Court, and compromised the integrity of the Court's proceedings. (emphasis in original)). MouseBelt requests that the Court order Defendants' counsel to respond, "in individual declarations made

under penalty of perjury," to a letter sent to them by MouseBelt's counsel on February 7, 2023. *Id.* The letter asks whether Defendants (1) had copies of, access to, or had seen the agreements at any time prior to their date of production in discovery, or (2) were aware of the arbitration provisions in the agreements at any time prior to the date of the production of the agreements in discovery. ECF No. 38-1 at 14. In the alternative, MouseBelt requests that the Court schedule a hearing "to further inquire into whether Defendants and their counsel had custody or access to the originals or copies of the [agreements], or knowledge of the arbitration provisions included therein, prior to [their production in discovery]." ECF No. 38 at 6.

Mousebelt's administrative motion is not well taken. For one thing, the relief it seeks is not the proper subject of an administrative motion. Administrative motions under Civil Local Rule 7-11 are reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge" and "include matters such as motions to exceed otherwise applicable page limits or motions to file documents under seal, for example." Civil L.R. 7-11. An administrative motion is therefore "not the appropriate vehicle for resolution of the substantive arguments raised by the parties in connection with" Defendants' motion to compel arbitration. *Hess v. Astrazeneca Pharmaceuticals, LP*, 2006 WL 2092068, at *1 (N.D. Cal. Jul. 26, 2006). Next, MouseBelt cites no authority for the relief it seeks, and the Court discerns none. MouseBelt's letter was not a kind of formal discovery, so Defendants were under no obligation to respond to it; accordingly, there is nothing for the Court to compel. If Mousebelt had wanted to take discovery, it could have done so prior to the hearing on the motion to compel arbitration, and in fact it apparently did. *See* ECF No. 20 at 11 (describing Mousebelt's discovery efforts in the state court action).

For these reasons, MouseBelt's administrative motion is denied.

**IT IS SO ORDERED.**

Dated: February 27, 2023

_____
JON S. TIGAR
United States District Judge

2